FILED IN CHAMBERS
THOMAS W. THRASH JR
U.S.D.C. Atlanta

MAR 2 5 2010

JAMES N. HATTEN, Clerk
By: /s/ J Sewell
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN THOMAS BIASO, | :: | CIVIL RIGHTS |
| GDC NO. 1278520, | :: | 42 U.S.C. § 1983 |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| GEORGIA DEPARTMENT OF | :: | CIVIL ACTION NO. |
| CORRECTIONS, | :: | 1:10-CV-0623-TWT |
| Defendant. | :: | |

## ORDER AND OPINION

Plaintiff, John Thomas Biaso, presently confined in the Coastal State Prison in Garden City, Georgia, has filed a pro se motion for a preliminary injunction, which has been docketed as this civil rights action. (Doc. 1). The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination and on Plaintiff's motions for a preliminary injunction (Doc. 2), for leave to proceed in forma pauperis (Doc. 4), and to amend his request for injunctive relief (Doc. 5). For the purpose of dismissal only, Plaintiff is hereby **GRANTED** leave to proceed in forma pauperis.

### I. The Standard of Review for Screening Prisoner Civil Rights Actions

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal

court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," not merely "conceivable"). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court

2

AO 72A
(Rev.8/82)

accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Discussion

Plaintiff asks this Court to enjoin the Georgia Department of Corrections ("GDC") from transferring him back to the Madison County Jail ("MCJ") in Huntsville, Alabama because he "is trying . . . to file attempted murder charges on employee of said jail." (Docs. 1, 2). Plaintiff currently has a civil rights action pending against an MCJ employee in the Northern District of Alabama. Biaso v. Baker, 5:08-CV-0094-CLS-RRA (N.D. Ala. Jan. 16, 2008). Plaintiff also asks this Court to issue an injunction ordering the GDC to provide him dental care and medical treatment for his "Hep-C," and to allow him to use a copy machine, "which is now prohibited for indigent inmates," to make copies of documentary evidence that cannot be duplicated by longhand to send as evidence in his pending civil case. (Docs. 1, 2). Plaintiff has since filed a "motion for amendment of injunction," seeking to withdraw his request regarding dental and medical care because he has since received care and, thus, that "part of injunction is no longer necessary." (Doc. 5). Plaintiff's motion to amend his request for injunctive relief is **GRANTED**.

3

"A district court may grant injunctive relief only if the moving party shows that: (1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." KH Outdoor, LLC v. Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (internal quotations omitted).

Plaintiff's request to enjoin the GDC from transferring him to MCJ is denied because he has no constitutionally protected liberty interest "against transfer from one institution to another within the . . . prison system." Meachum v. Fano, 427 U.S. 215, 225 (1976). As to Plaintiff's request for the use of a copy machine, while "there might be some circumstances in which prison officials might be required to provide photocopying services in order to preserve a prisoner's access to the courts," this "does not include the right of free unlimited access to a photocopying machine." Wanninger v. Davenport, 697 F.2d 992, 994 n.1 (11th Cir. 1983). Further, even

4

assuming that Plaintiff had a constitutional right to the use of a copy machine in this case, he has not shown actual injury, i.e., that the lack of access to a copy machine has hindered his efforts to pursue a legal claim. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). Thus, Plaintiff's motion for a preliminary injunction (Doc. 2) is **DENIED**. Because Plaintiff seeks no further relief from this Court, this action is dismissed.

III. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend his request for injunctive relief (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Doc. 2) is **DENIED**, and that this pro se civil rights complaint (Doc. 1) is **DISMISSED** for failure to state a claim.

IT IS SO ORDERED this 25 day of March, 2010.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE